UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BROADCASTING NETWORKS OF PUERTO
RICO, INC., and EL DIA, INC.**
Plaintiffs

v.                                                                                                    **CIVIL NO. 05-1013(DRD)**

**COMMUNICATIONS COUNSEL GROUP, INC.,
EMERALD DEVELOPMENT, INC., J.R. MARQUINA
& ASOCIADOS, INC., MULTIMEDIA
COMMUNICACTIONS AND PUBLIC RELATIONS,
ING. JORGE R. MARQUINA RODRIGUEZ, NIEVES
M. GONZALEZ-ABREU GARCIA, THE CONJUGAL
PARTNERSHIP COMPOSED BY THEM, AND JORGE
MARQUINA GONZALEZ**
Defendants

## OPINION AND ORDER

Pending before the Court are defendants' *Notice of Removal* pursuant to 28 U.S.C § 1441(b), and (c), and plaintiffs' *Motion to Remand*. (Docket Nos. 1, and 2, respectively). Plaintiff's motion to remand was duly opposed and replied by the defendants. (Docket Nos. 4, and 6, respectively). Consequently, the Court is ready to rule. For the reasons set forth below, defendants' *Notice of Removal* is **DENIED**, and plaintiffs' request to remand the instant case to state court is **GRANTED**.

Broadcasting Networks of Puerto Rico, Inc., and El Dia, Inc. brought forth the instant claim against defendants in state court for collection of monies regarding a Note subscribed by co-defendant Emerald Development, Inc. in favor of plaintiffs (worth $636,353.96), specific compliance with a contract involving the purchase of co-defendant Multimedia Communications and Public Relations, Inc.'s movable assets (worth $500,000.00), contractual default of the "Time Brokerage Agreement" contract (worth $1,500,000.00) between co-plaintiff Broadcasting and co-defendant Communications Counsel Group, Inc., contractual tort interference by co-defendant Jorge Marquina with said contract, contract resolution of said contract, foreclosure of all guarantees contracted by Jorge Marquina, Nieves Gonzalez, and the conjugal partnership composed by them, damages, injuries, hindrance, and absolute contractual liability. In sum, said complaint is based on various claims that arise out of the contractual relationship that began amongst the parties on December 28, 2000. On said date, all parties herein agreed to sign several agreements which, ultimately, culminated in a "Dation in Payment of Movable Property Contract and Acknowledgment of Debt Cancellation" ("Dation in Payment") between plaintiffs and defendants. This Dation in Payment was agreed in order to cancel an accumulated liquid debt of $2,636,353.96 that J.R Marquina & Asociados, Inc. owed El Dia for a multiplicity of unpaid publicity campaigns. The purpose of said contract was also for defendants to provide plaintiffs with co-defendant Mulitmedia's movable assets priced at $500,000.00, a Note subscribed by co-defendant Emerald for $636,353.96, and co-defendant Communications Counsel Group's radio license for station

11Q priced at $1,500,000.00 in order to securely satisfy co-defendant J.R. Marquina & Asociados, Inc.'s debt. In order to comply with the Dation in Payment, co-defendant Communications Counsel Group, Inc. ("CCG") entered into a "Time Brokerage Agreement" ("TBA") with co-plaintiff Broadcasting wherein CCG granted Broadcasting the right to radio station 11Q's programming. CCG, licensee of 11Q, would retain certain responsibilities at the station until the Federal Communications Commission ("FCC") granted the transfer of the license to Broadcasting for it to operate the same in satisfaction and payment of the afore owed debt. Because the FCC never authorized said transfer, and the relationship amongst the parties gravely deteriorated, Broadcasting decided not to renew the TBA and demanded the monetary collection of the debt, thus dispensing with the transfer of the license as a dation in payment. Defendants did not pay their debt, and Broadcasting had to recur to state court to file the instant action for breach of contract, nuisance, and tortious interference.

Subsequently, on January 7th, 2005, the defendants filed a *Notice of Removal* alleging that this Court has jurisdiction over the matters contained in the complaint filed in state court under the provisions of 28 U.S.C. § 1331 *et seq.*, and, consequently, removable under 28 U.S.C. § 1441(b), and (c). Defendants aver the Court's original jurisdiction over a claim arising under the laws of the United States related to the sale and transfer of licenses for radio communications, 47 U.S.C. § 301 *et seq.*, and regulations enacted thereunder by the FCC. On the other hand, plaintiffs assert that remand is warranted due to their complaint asserting claims exclusively under Puerto Rico Law.

Before launching in an analysis of whether this case arises under the laws of the United States, the Court sketches frequently occurring ground rules for removal analysis. All district courts are absolutely authorized by Congress to exercise jurisdiction over all actions removed by a defendant **if, and only when** the litigation falls within the court's original jurisdiction. *See* Champage v. Revco .S., Inc., 997 F.Supp. 220 (D.R.I. 1998). For removal to be proper, the Court must have "original jurisdiction" over the matter. 28 U.S.C. § 1441(a).[1] Furthermore, the Court's original jurisdiction is explicitly founded on federal law. Id. at § 1441(b).[2] The "arising under [...] laws of the United States" language of 28 U.S.C. § 1441(b) mirrors the statute conferring the court's Federal Question jurisdiction and, thus, jurisprudence construing 28 U.S.C. § 1331 is equally applicable to the current removal

---

[1] Section 1441(a) provides:
> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

[2] The Court's original jurisdiction is modified for removal by Section 1441(b):
> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall by removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

jurisdiction analysis. *See* 28 U.S.C. § 1331.[3]  It is logically concluded then that the removal statute is to be strictly construed, and, consequently, uncertainties must be resolved in favor of remand. *See e.g.* Rossello Gonzalez v. Calderon Serra, 398 F.3d 1, 11 (1st Cir. 2004) (*citing* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (holding that, because of the congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that, upon the existence of a clash between a plaintiff and a defendant regarding jurisdictions, uncertainties are resolved in favor of remand.); Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chemical Yabucoa, Inc., Civil No. 04-1848, 2004 U.S. Dist. LEXIS 15930 (D.P.R. Jul. 5, 2004).  In sum, removal jurisdiction allows defendants, as well as plaintiffs, to benefit form the availability of a federal forum.  However, federal jurisdiction, being statutory in nature, can only be granted under certain limited circumstances and when specific requirements are strictly met.  Thus, removal is extremely limited.  As explained above, one of the circumstances in which federal jurisdiction may be invoked is when a federal question is involved.  These statutes make plain that defendants may remove a case to federal court only if the suit initially could have been filed in federal court.  Accordingly, plaintiffs complaint must present either a federal question or diversity of citizenship must exist in order for a case to be properly removed to federal courts.

Furthermore, it is solely the defendant who possesses the right to remove a case from state to federal court.  Nevertheless, the party seeking removal of his or her case, undoubtedly, has the burden of proving that federal jurisdiction does, in fact, federal jurisdiction must exist within the four corners of the complaint.  *See* Rossello Gonzalez v. Calderon Serra, 398 F.3d at 10; BIW Deceived v. Local 56, 132 F.3d 824, 831 (1st Cir. 1997); Hernandez Agosto v. Romero Barcelo, 748 F.2d 1, 2 (1st Cir. 1984).  A plaintiff may never remove his or her case to federal court once he or she has filed in state court.  "Normally, removal is based on the face of a 'well-pleaded complaint'."  Garcia v. Williamson Dickie Mfg., 924 F.Supp. 1, 2 (D.P.R. 1996) (*citing* Gully v. First National, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)); *see also* Fitzgerald v. Codex Corp., 882 F.2d 586, 587 (1st Cir. 1989).  That is to say, even though a plaintiff's cause of action may be predicated on state law, the case might still arise under the laws of the United States if a well-plead complaint establishes a the right to relief under state law requiring the resolution of a substantial question of federal law in dispute between the parties. *See* Franchise Tax Board v. Laborers Vacation Trust, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). Moreover, a federal question appears **on the face of the complaint** if the an issue of federal law is a **necessary element** of a plaintiff's claim or if federal law **preempts completely** said plaintiff's state law of action.  *See* Rivet v. Regions Bank fo Louisiana, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).  Notwithstanding, the existence of a federal law issue inherent within a state law cause of action will not necessarily create federal question jurisdiction.  The fact that the state law claim will require some analysis of federal law is equally insufficient.  *See* Rivet, 522 U.S. at 475; Merrel Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 809 (1986); PCS 2000 v. Romulus, 148 F.3d 32, 35 (1st Cir. 1998).  Moreover, the Court notes that, given that a plaintiff is the master of his own claim, as such,

---

[3] Federal Question jurisdiction as provided by 28 U.S.C. § 1331 is:
   The district courts shall have original jurisdiction of all civil actions under the
   Constitution, laws or treaties of the United States.

it is perfectly acceptable that he may avoid federal jurisdiction by exclusive reliance on state law.  *See* Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Recapitulating, pursuant to 28 U.S.C. § 1447(c), the court from which removal is solicited, must grant a motion to remand if it finds lack of subject matter jurisdiction over the suit or if removal was procedurally defective.[4]  The court should resolve any doubt in favor of remand, as the removal statute is to be narrowly construed.  *See* Rossello Gonzalez v. Claderon Serra, 398 F.3d at 10-11.

In the case at hand, defendants seek removal alleging that federal jurisdiction arises under the provisions of 28 U.S.C. § 1331.  Defendants aver that federal jurisdiction exists, in view of the fact that plaintiffs' causes of action against them involve the resolution of a series of contracts, one of which entails the sale and transfer of licenses for radio communications governed by the FCC.  They argue that removal is appropriate under the "artful pleading" standard (the disguising of a federal claim necessary to decide the controversy).  *See* Rivet, 522 U.S. 470 at 475; 118 S.Ct. at 925, 139 L.Ed.2d at 919.  In essence, defendants purport that plaintiffs must rely exclusively on federal law to support the allegations in their complaint, yet carefully drafted the language therein to avoid federal jurisdiction.  Notwithstanding, after a careful review of the case at bar, it is crystal clear to the Court that, even when the FCC is the sole authority responsible to oversee the transfer and sale of licenses, the remedies sought by plaintiffs do not involve the specific compliance of the Dation in Payment contract relating to the proposed transfer.  On the contrary, what plaintiffs are seeking regarding the only contract involving 11Q's license is its resolution and, in its stead, demand the payment of its worth ($1,500,000.00) in liquid form.  In fact, the only specific compliance remedy they seek is the specific compliance regarding the sale of Multimedia's movable assets – issue unrelated to 11Q's broadcasting license.

There is no question that plaintiffs' claim of tortious interference is circumscribed to their allegation of CCG, as licensee, having interfered with plaintiffs' ability to control the nature and content of programming at the radio station.  Notwithstanding, this Court cannot agree with defendants' contention that **only** district courts have authority over a tortious interference claim of this nature.  In fact, at no point within the Communications Act or its interpretative jurisprudence is it conferred to the federal forum exclusive jurisdiction over a tortious interference arising from a contract entered between a licensee and a third party.  *See e.g.* A.S.I. Worldwide Communs. Corp. v. MCI Worldcom Network Servs., Civil No. 98-154-B, 2002 U.S. Dist. LEXIS 5579, at *14 (D.N.H. Mar. 29, 2002) (applying New Hampshire state law in order to determine if there existed tortious interference); American Tel. & Tel. Co. v. IMR Capital Corp., 888 F.Supp. 221, 246 (D.Mass. 1995) (applying Massachusetts state law in order to determine if there existed tortious interference).  It is

---

[4] Section 1447(c) provides:
> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remaining the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with the case.

Case 3:05-cv-01013-DRD   Document 11   Filed 08/17/05   Page 5 of 5

equally translucent that defendants' averment regarding the tortious interference claim is solely a federal defense.  However, as discussed above, the fact that the state law claim will require some analysis of federal law is insufficient to grant a removal request.  *See* Rivet, 522 U.S. at 475; Merrel Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 809 (1986); PCS 2000 v. Romulus, 148 F.3d 32, 35 (1st Cir. 1998).  Moreover, the Supreme Court has been clear in articulating that federal defenses do not bestow district courts with removal jurisdictions if defendants cannot show the plaintiffs' omitted from or concealed within the four corners of the complaint an **exculsively** federal cause of action.  *See* Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 153 L.Ed.2d 1 (2003) (holding that to determine whether a claim arises under the laws of the United Stated, potential federal defenses are ignored because a defense will not provide a basis for removal.); Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 11 (1983).

Defendants herein failed to demonstrate how the complaint they seek to remove calls this Court to interpret a federal statute when it is manifest from the complaint itself that plaintiffs wish to **resolve** the contract regarding the radio station's license and, in its stead, move the state court, through the raising of state law, to obligate defendants to fulfill the debt owed to El Dia, Inc.  That is to say, the complaint **does not** pursue the transfer of the license, but the payment in full of the $2,636,353.96 owed by J.R. Marquina & Asociados, Inc. to El Dia, Inc.  Defendants did not meet their burden of showing this Court's jurisdiction or plaintiffs' concealment of an exclusively federal claim or how the Communications Act governs over plaintiffs' claims.  They failed to establish which unavoidable particular questions of federal law the state claim fails to address.  In fact, plaintiffs chose to rely exclusively on Puerto Rico contract law, and this Court is convinced that no federal cause of action is necessary for the resolution of the claims herein – more so when the Supreme Court has more than clearly established that the artful pleading doctrine only allows removal "where federal law **completely preempts** a plaintiff's state law claim."  Rivet, 522 U.S. at 475-76, 118 S.Ct. 921, 139 L.Ed.2d 918 (*emphasis ours*).  In fact, the instant claim sounds more to the Court as overwhelmingly resembling a collection of debt and a resolution of contract claim, than an FCC related federal question controversy.

**WHEREFORE**, in light of the above, the state causes of action are not ones of which the district courts of the United States have original jurisdiction making removal under Section 1441 improper.  Accordingly, the Court hereby **DENIES** defendants' *Notice of Removal* (Docket No. 1), and **GRANTS** plaintiffs' *Motion to Remand* (Docket No.2).  Judgment ordering remand is to be issued forthwith.

**IT IS SO ORDERED.**

**THIS CASE IS CLOSED**.

In San Juan, Puerto Rico, this 17th day of August of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**